and unusual punishment." The Court, speaking through Clark, C.J., stated:

> "While we will not hold, therefore, that as a matter of law the punishment was in excess of the powers of the judge, we are frank to say that it does not commend itself to us as being at all commensurate with the offense, even if the defendant was properly found guilty upon the facts. There were neither aggravation nor circumstances which tended to show that the punishment should approximate the highest limit allowed by the law in such cases. It was evidently intended that where there was no aggravation that the punishment should approximate the lower limit allowed, and only when aggravation was shown should the highest degree of punishment authorized by the statute be inflicted."

In the instant case the sentences imposed do not exceed the maximum prescribed by the applicable statute, so as to violate defendant's constitutional rights (*State v. LePard*, 270 N.C. 157, 153 S.E. 2d 875). While we do not hold that as a matter of law the punishment was in excess of the powers of the judge, we must note that the sentences were imposed under circumstances which would seem to warrant prompt review by the Board of Paroles.

No error.

---

### STATE v. BOBBY JOE JOHNSON.

(Filed 27 September, 1967.)

APPEAL by defendant from *Bryson, J.*, March 1967 Regular Criminal Session of BUNCOMBE.

Defendant and his codefendant, Barry Rocky Hilton, were jointly indicted in and were tried under nine indictments. The decisive facts and the law applicable on appeal in the instant case and in *State v. Barry Rocky Hilton* are identical. The defendant in each case entered pleas of guilty to the same charges contained in the same bills of indictment, and the defendant in each case was represented by the same court-appointed attorney. Identical sentences were imposed on Barry Rocky Hilton and Bobby Joe Johnson.

*Attorney General Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*
*Joseph Schenck for defendant.*

STATE *v.* TOLLEY.

PER CURIAM. Upon authority of *State v. Barry Rocky Hilton,* *ante,* 456, and the cases therein cited, we hold that in the trial of the case below there was
No error.

─────────

STATE v. SHELBY EUGENE TOLLEY.

(Filed 27 September, 1967.)

**1. Criminal Law §§ 18, 138—**
Upon trial *de novo* in the Superior Court upon appeal from an inferior court, the Superior Court may impose a punishment in excess of that imposed in the inferior court provided the punishment does not exceed the statutory maximum.

**2. Automobiles § 117;   Criminal Law § 138—**
The punishment for speeding in violation of G.S. 20-141, where the speed is not in excess of 80 miles per hour, is limited to a fine of $100 or imprisonment for not more than 60 days, or both. G.S. 20-180, G.S. 20-176(b).

**3. Automobiles § 119;   Criminal Law § 138—**
The punishment for reckless driving is limited to a fine not exceeding $500 or imprisonment not to exceed six months, or both, in the discretion of the court. G.S. 20-140(c).

**4. Automobiles § 3;   Criminal Law § 138—**
G.S. 20-7 and G.S. 20-35 must be construed *in pari materia,* and the provision of G.S. 20-7(n) that a person convicted of driving a motor vehicle on the highways of this State without having first been licensed as required by the statute should be guilty of a misdemeanor and punished in the discretion of the court is limited by G.S. 20-35(b) so that punishment for violation of G.S. 20-7 may not exceed a fine of $500 or imprisonment for six months.

**5. Criminal Law § 138—**
Where convictions on several warrants or indictments are consolidated for judgment, the judgment cannot exceed that prescribed by the most severe statutory penalty for any one of the offenses.

**6. Same—**
Where the sentence imposed by the lower court is in excess of the statutory maximum and the prisoner has already served more than such maximum, the opinion of the Supreme Court will be certified immediately to the end that the prisoner be discharged from custody forthwith.

CERTIORARI to review order of *Bryson, J.,* entered May 18, 1967, in BUNCOMBE Superior Court, in *habeas corpus* proceeding upon petition of Shelby Eugene Tolley.